**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| REALTIME DATA LLC d/b/a IXO, | CASE NO.:  6:16-cv-088-RWS-JDL |
| Plaintiff, | LEAD CASE |
| v. | JURY TRIAL DEMANDED |
| ORACLE AMERICA, INC., | |
| Defendant. | |
| REALTIME DATA LLC d/b/a IXO, | |
| Plaintiff, | Case No. 6:15-cv-467-RWS-JDL |
| v. | MEMBER CASE |
| ORACLE AMERICA, INC., HEWLETT-PACKARD ENTERPRISE CO., and HP ENTERPRISE SERVICES, LLC, | JURY TRIAL DEMANDED |
| Defendants. | |

## DEFENDANTS HEWLETT PACKARD ENTERPRISE CO. AND HP ENTERPRISE SERVICES, LLC'S OPPOSITION TO PLAINTIFF REALTIME DATA LLC'S OPPOSED MOTION FOR LEAVE TO SUPPLEMENT INFRINGEMENT CONTENTIONS

## TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ................................................................................................ 1

II.     BACKGROUND ................................................................................................. 1

III.    LEGAL STANDARD .......................................................................................... 3

IV.     ARGUMENT ...................................................................................................... 3

        A.      Realtime Has No Reasonable Explanation For Its Lack Of Diligence. .................. 3

        B.      The Importance Of The Proposed Supplementation Is Not Substantial. ................ 5

        C.      HPE Would Be Highly Prejudiced By The Proposed Amendment. ...................... 6

        D.      A Continuance Would Not Cure Such Prejudice. ..................................... 7

V.      CONCLUSION ................................................................................................... 7

## <u>TABLE OF AUTHORITIES</u>

**CASES**                                                                            **PAGE(S)**

*Adaptix, Inc. v. T-Mobile USA, Inc.*,
    No. 12-369, Dkt. 185 (E.D. Tex. Nov. 12, 2014) ...........................................................5, 6

*Apple Inc. v. Samsung Elecs. Co. Ltd.*,
    No. 12-630, 2013 WL 3246094 (N.D. Cal. Jun. 26, 2013).................................................4

*Azure Networks, LLC v. CSR PLC*,
    No. 6:11-cv-139, Dkt. 261 (E.D. Tex. Dec. 4, 2012) ......................................................4

*Cell & Network Selection LLC v. AT&T Inc.*,
    No. 13-403, 2014 WL 10727108 (E.D. Tex. Nov. 10, 2014) ...........................................6

*Garmin Ltd. v. Tomtom, Inc.*,
    No. 06-338, 2007 WL 2903843 (E.D. Tex. Oct. 3, 2007) .................................................6

*Georgetown Rail Equip. Co. v. Holland L.P.*,
    No. 13-366, Dkt. 189 (E.D. Tex. October 7, 2014) ..........................................................5

*Imperium IP Holdings v. Samsung Elecs. Co. Ltd.*,
    No. 14-371, 2016 U.S. Dist. LEXIS 41762 (E.D. Tex. Mar. 30, 2016) ........................6, 7

*Innovative Display Techs. LLC v. Acer Inc.*,
    No. 13-522, Dkt. 71 (E.D. Tex. Jun. 19, 2014)..................................................................6

*Keranos, LLC v. Silicon Storage Tech., Inc.*,
    797 F.3d 1025 (Fed. Cir. 2015).........................................................................................3

*MacLean-Fogg Co. v. Eaton Corp.*
    No. 07-472, 2008 WL 4601476, at *2 (E.D. Tex. Oct. 6, 2008) .......................................7

*Motion Games, LLC v. Nintendo Co., Ltd.*,
    No. 12-878, 2015 WL 1774448 (E.D. Tex. Apr. 16, 2015)...........................................6, 7

*MyMedicalRecords Inc. v. Quest Diagnostics Inc.*,
    No. 13-2538, 2014 WL 3736527 (C.D. Cal. July 29, 2014).............................................5

*Nike, Inc. v. Adidas Am. Inc.*,
    479 F. Supp. 2d 664 (E.D. Tex. 2007)..............................................................................4

*O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*,
    467 F.3d 1355 (Fed. Cir. 2006).....................................................................................3, 6

*Performance Pricing, Inc. v. Google Inc.*,
    No. 07-432, Dkt. 238 (E.D. Tex. Sept. 15, 2009) ........................................................5, 7

*Precision Energy Servs., Inc. v. ThruBit, LLC*,
    No. 11-4492, 2013 WL 5274445 (S.D. Tex. Sept. 18, 2013) ............................................7

*Realtime Data, LLC v. Packeteer, Inc.*,
    No. 08-144, 2009 WL 2590101 (E.D. Tex. Aug. 18, 2009) ...............................................5

**RULES**

Patent Rule 3-1(d) ............................................................................................................3

Patent Rule 3-6 .................................................................................................................3

## I.    INTRODUCTION

Defendants Hewlett Packard Enterprise Co. and HP Enterprise Services, LLC (collectively, "HPE") submit this brief in opposition to Plaintiff Realtime Data LLC's ("Realtime") Opposed Motion for Leave to Supplement Infringement Contentions as to Defendant[s] Hewlett Packard Enterprise Co. and HP Enterprise Services, LLC (Dkt. 322).[1] Realtime cannot show diligence because it has no reasonable explanation for its three-month delay in seeking the discovery it allegedly needed to supplement its Infringement Contentions, and can point to no new evidence that would justify the amendment.  The proposed amendment under the doctrine of equivalents ("DOE") is of insubstantial importance because it merely offers alternatives to Realtime's contentions of literal infringement.   And, HPE would be highly prejudiced because it cannot tailor its claim construction arguments and would be forced to conduct additional prior art searches at significant expense.  A continuance would not cure this prejudice.  For these reasons, HPE respectfully requests that Realtime's motion be denied.

## II.    BACKGROUND

Realtime served its First Set of Common Interrogatories on October 16, 2015.  (Dkt. 322-2, Realtime's First Set of Common Interrogatories.)   HPE timely served responses to these interrogatories on November 19, 2015.  (Dkt. 322-3, HPE's Responses to First Set of Common Interrogatories.)  Realtime objected to HPE's response to Interrogatory No. 3 for the first time on February 15, 2016—*three months* after being served with HPE's responses.  (Dkt. 322-4, February 15, 2016 Email.)   Nevertheless, HPE promptly supplemented its response to this interrogatory on March 18, 2016.   (Dkt. 322-6, HPE's First Supplemental Response to Interrogatory No. 3.)

---

[1] All docket numbers refer to *Realtime Data LLC d/b/a IXO v. Oracle America, Inc. et al.*, Case No. 6:15-cv-467-RWS-JDL (E.D. Tex.).

On March 21, 2016, Defendants HPE, EchoStar Corporation, Hughes Network Systems, LLC, Riverbed Technology, Inc., Dell Inc., SAP America, Inc., and Sybase, Inc. (collectively, "Defendants") served their preliminary claim constructions on Realtime.  On April 18, 2016, the parties submitted a Joint Claim Construction and Prehearing Statement ("JCCPS").  (Dkt. 295, JCCPS.)

On April 25, 2016, Realtime served its proposed amended Infringement Contentions. (Dkt. 322-7, June 17, 2016 Email at 3-4.)  In response to HPE's request for an explanation of the basis for the proposed amendment, Realtime stated it had "added doctrine of equivalents positions for certain limitations that are implicated by Defendants' claim construction positions submitted in the Joint Claim Construction Statement of April 18, 2016 and HP's noninfringement arguments provided on March 18, 2016 in response to Realtime's Interrogatory No. 3." (*Id.* at 1.)  However, Realtime did not cite to any new evidence that it did not have at the time of its original Infringement Contentions.

Realtime's new contentions posit that the following limitations are met under the DOE: "compressing," "compressed," "compression," "compress," "decompress," "compression technique," "encoder," "analyzing data structures or file substructures associated with the plurality of data blocks," "content independent data compression algorithm," "content independent compression algorithm," "content independent [] algorithm," "content dependent data compression algorithm," "content dependent compression algorithm," "content dependent algorithm," "recognition of any characteristic, attribute, or parameter that is indicative of an appropriate content dependent algorithm," "descriptor," "dictionary," "compressed data block," "compressed block," "compressed data stream." (*See, e.g.*, Dkt. 322-8 – 322-12.)  Almost all of these terms, however, were previously litigated by Realtime.  (Dkt. 295, Ex. A to JCCPS at 1-5,

2

7, 15.)  Of the three remaining terms, Realtime has now agreed to the construction of one—"data

blocks / data block."  (Dkt. 336-1, Ex. A to Joint Claim Construction Chart at 3.)

On June 20, 2016, counsel for Realtime and HPE met and conferred regarding the

proposed amendment.  Realtime filed the instant motion on June 21, 2016.

## III.   LEGAL STANDARD

Patent Rule 3-1(d) requires disclosure of "[w]hether each element of each asserted claim

is claimed to be literally present or present under the doctrine of equivalents in the Accused

Instrumentality" in a patentee's Infringement Contentions.   Patent Rule 3-6 mandates that

"[e]ach party's 'Infringement Contentions'  .  .  .  shall be deemed to be that party's final

contentions," and that "Amendment or supplementation [of] any Infringement Contentions .  .  .

other than as expressly permitted in P. R. 3-6(a), may be made only by order of the Court, which

shall be entered ***only upon a showing of good cause***."  (emphasis added).

"Good cause" requires a showing of diligence.  *Keranos, LLC v. Silicon Storage Tech.,*

*Inc.*, 797 F.3d 1025, 1035, 1037 (Fed. Cir. 2015); *O2 Micro Int'l Ltd. v. Monolithic Power Sys.,*

*Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006).   In determining good cause, courts in this District

consider: (1) the explanation for the party's failure to meet the deadline, (2) the importance of

what the Court is excluding, (3) the potential prejudice if the Court allows that which would

otherwise be excluded, and (4) the availability of a continuance to cure such prejudice.  *Keranos*,

797 F.3d at 1035.  The burden is on the movant to show diligence.  *O2 Micro*, 467 F.3d at 1366.

## IV.   ARGUMENT

### A.   Realtime Has No Reasonable Explanation For Its Lack Of Diligence.

The law is clear that DOE contentions "are not dependent on the opposing party's

noninfringement theories," and alleged "deficiencies in [a defendant's] noninfringement theories

do not justify [plaintiff's] delay in asserting all of the infringement theories it reasonably

believed it could assert." *Apple Inc. v. Samsung Elecs. Co. Ltd.*, No. 12-630, 2013 WL 3246094, at *2, 4 (N.D. Cal. Jun. 26, 2013).  Realtime's advocated "rolling approach to infringement and invalidity contentions would thwart the purpose of the local patent rules." *Nike, Inc. v. Adidas Am. Inc.*, 479 F. Supp. 2d 664, 669-70 (E.D. Tex. 2007); *see also* P.R. 3-6(a) ("Each party's 'Infringement Contentions' . . . shall be deemed to be that party's final contentions.").  And, any delay related to non-infringement positions is a result of Realtime's dilatory conduct because Realtime waited *three months* to request supplementation of HPE's interrogatory response.

Further, it is inappropriate to amend contentions based on claim construction *positions* prior to the Court's claim construction ruling. *See Azure Networks, LLC v. CSR PLC*, No. 6:11-cv-139, Dkt. 261 (E.D. Tex. Dec. 4, 2012) at 3 (denying motion to amend Infringement Contentions based on claim construction positions as premature, and finding that "[i]f Plaintiffs feel a particular claim construction is the basis for amendment, then that amendment should come after the Court has adopted its final Claim Construction Order."); P.R. 3-6(a) ("not later than 30 days *after* service by the Court of its Claim Construction Ruling, that party may serve 'Amended Infringement Contentions.'").  Regardless, Realtime has known Defendants' claim construction positions since at least receiving Defendants' proposed constructions on March 21, 2016, and has previously litigated and/or agreed to constructions for *all but two* of the terms for which it brings its new DOE theories.  Thus, Realtime had a reasonable expectation as to what the disputes could be with regard to claim construction.  Yet, it provides no explanation for its one-month delay in serving the proposed amendment or three-month delay in filing this motion.

Indeed, this case has revealed no new evidence, such as confidential technical documents or source code, that would justify Realtime's proposed amendment. *See MyMedicalRecords Inc. v. Quest Diagnostics Inc.*, No. 13-2538, 2014 WL 3736527, at *3 (C.D. Cal. July 29, 2014)

4

("Since MMR has failed to demonstrate that it recently discovered any new, nonpublic information about [allegedly infringing products] that would lead to infringement under the doctrine of equivalents, the Court denies in part MMR's Motion to amend on this ground."); *Realtime Data, LLC v. Packeteer, Inc.*, No. 08-144, 2009 WL 2590101, at *3 (E.D. Tex. Aug. 18, 2009) (denying plaintiff Realtime's motion to amend because Realtime had access to all pertinent information at the time it served its original Infringement Contentions).  Thus, Realtime has failed to show diligence.[2]  This factor weighs strongly against a finding of good cause.

### B.      The Importance Of The Proposed Supplementation Is Not Substantial.

Realtime offers only a cursory statement of the importance of its proposed amendments, and fails to "explain why, and in what capacity" the proposed DOE amendments are "critical to its case."  *Adaptix, Inc. v. T-Mobile USA, Inc.*, No. 12-369, Dkt. 185 (E.D. Tex. Nov. 12, 2014) at 5 (denying plaintiff's motion for leave to supplement infringement contentions with DOE theories).  This is insufficient to justify amendment.  Indeed, "th[is] Court cannot determine the importance of the amendment based solely on zealous argument."  *Innovative Display Techs. LLC v. Acer Inc.*, No. 13-522, Dkt. 71 (E.D. Tex. Jun. 19, 2014) at 3.  Nevertheless, Realtime's DOE theories are of insubstantial importance since they merely offer alternatives to Realtime's contentions of literal infringement.  Indeed, Realtime itself emphasizes that it "is not seeking to add additional patents, additional claims, or additional accused products through its supplemental

---

[2] Realtime's cited cases are inapplicable because they allowed amendment based on new, non-public information:  *Performance Pricing, Inc. v. Google Inc.*, No. 07-432, Dkt. 238 (E.D. Tex. Sept. 15, 2009) (finding good cause because new DOE theory was based on "newly discovered facts" in the form of Rule 30(b)(6) deposition testimony, whereas Realtime's amendment is based on no new information); *Georgetown Rail Equip. Co. v. Holland L.P.*, No. 13-366, Dkt. 189 (E.D. Tex. October 7, 2014) (finding good cause because "[a]ny 'delay was primarily a result of [defendant's] conduct during discovery'" in refusing to produce source code, whereas the delay here was caused by Realtime's failure to promptly request a supplemental interrogatory response and the amendment is based on no new information).

infringement contentions . . . [a]s such, the scope of the case remains substantially similar."[3]  (*Id.* at 6-7.)  Thus, this factor weighs against a finding of good cause.

### C.    HPE Would Be Highly Prejudiced By The Proposed Amendment.

Because Realtime cannot demonstrate diligence, the Court need not even reach the issue of prejudice.  *See O2 Micro*, 467 F.3d at 1368 (in the absence of any demonstration of diligence, there is "no need to consider the question of prejudice. . . .").  Nevertheless, the motion can be denied on prejudice grounds too.  HPE would be highly prejudiced by broadening of Realtime's contentions beyond literal infringement, even if it does not implicate additional patents, claims, or products.  *See Imperium IP Holdings v. Samsung Elecs. Co. Ltd.*, No. 14-371, 2016 U.S. Dist. LEXIS 41762, at *6-7 (E.D. Tex. Mar. 30, 2016) (even if amended contentions assert "extremely similar infringement theories to those already proposed," defendant's non-infringement positions may then become "very different from its previous theories.").  HPE would be forced to conduct further non-infringement analyses and prior art searches at significant expense, and possibly move for leave to amend its Invalidity Contentions a second time.  *See id.* (potential prejudice weighed against granting amendment where additional non-infringement analysis would increase discovery costs for defendants); *Adaptix*, Dkt. 185 at 5 (addition of new, previously undisclosed

---

[3] Realtime's cited cases are inapplicable:  *Motion Games, LLC v. Nintendo Co., Ltd.*, No. 12-878, 2015 WL 1774448, at *3 (E.D. Tex. Apr. 16, 2015) (finding DOE amendments important in large part because they were based on newly-discovered factual information and the patentee provided additional details on the operations of the accused device and incorporated its claim construction position for a relevant term into its Infringement Contentions, whereas Realtime points to no new evidence and makes no similar arguments) (*see, e.g.*, Dkt. 322-8 – 322-12); *Cell & Network Selection LLC v. AT&T Inc.*, No. 13-403, 2014 WL 10727108, at *3 (E.D. Tex. Nov. 10, 2014) (finding DOE contentions important because the claim construction order would otherwise have negated any possibility of infringement, whereas in this case, the Court has yet to issue a claim construction order); *Garmin Ltd. v. Tomtom, Inc.*, No. 06-338, 2007 WL 2903843, at *7 (E.D. Tex. Oct. 3, 2007) (allowing DOE allegations in large part because they relied on defendant's 30(b)(6) designee's deposition testimony and aid in deciphering the defendant's source code and the delay in moving for leave to supplement was only seven days, whereas Realtime uses no new information and delayed three months in filing this motion).

DOE theories would be unduly prejudicial).  HPE would bear a heavy burden in responding to these new theories in the 2.5 months that remain of fact discovery.  (Dkt. 312, Fifth Amended Docket Control Order at 4.)  And, HPE can no longer tailor its claim construction arguments because claim construction briefing and the *Markman* hearing have already concluded.  (*See* Dkt. 305, 317, 331.)  Thus, this factor weighs heavily against a finding of good cause.[4]

### D.     A Continuance Would Not Cure Such Prejudice.

HPE has long since served its Invalidity Contentions, and claim construction briefing and the *Markman* hearing have concluded.  Thus, a continuance would do nothing to alleviate the expense and burden of additional non-infringement analyses and prior art searches, discussed *supra*.  *See Precision Energy Servs., Inc. v. ThruBit, LLC*, No. 11-4492, 2013 WL 5274445, at *2 (S.D. Tex. Sept. 18, 2013) (noting that "[a]t least some discovery would need to be conducted for a second time, at additional expense" and such "prejudice from the additional expense could not be cured by a continuance").[5]  Further, a continuance may not even be available on the Court's already-burdened docket.  Thus, this factor weighs against a finding of good cause.

## V.     CONCLUSION

For the foregoing reasons, HPE respectfully submits that Realtime's motion be DENIED.

---

[4] Realtime's cited cases are inapposite:  *Performance Pricing*, No. 07-432, Dkt. 238 at 7 (potential prejudice "must be weighed in light of the case as a whole," including defendants' delay in providing discovery on which proposed amendments were based; here, HPE caused no such delay); *Motion Games* 2015 WL 1774448, at *3 (finding no prejudice because defendants were able to argue against and file supplemental briefing on the disputed claim terms incorporated in plaintiff's DOE theories, contrary to Realtime's erroneous interpretation of this case as **generally** finding no prejudice when amending contentions to add DOE theories after issuance of a claim construction order).

[5] Realtime's cited case, *MacLean-Fogg Co. v. Eaton Corp.*, is inapposite because the court's findings that the defendant had ample time to prepare its case, and thus that there was no prejudice or need for a continuance, were based on plaintiff having filed its motion nearly 10 months before the *Markman* hearing, 13 months before close of discovery, and 17 months before trial.  No. 07-472, 2008 WL 4601476, at *2 (E.D. Tex. Oct. 6, 2008).  Here, the *Markman* hearing has already occurred and discovery closes in just over two months.

Respectfully submitted,

DATED:  July 8, 2016                          By:  _/s/ Olivia M. Kim_____

Melissa R. Smith
(TX Bar No. 24001351)
melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, TX 75670
Telephone:  (903) 934-8450
Facsimile:  (903) 934-9257

Edward G. Poplawski
(CA Bar No. 113590)
epoplawski@wsgr.com
Olivia M. Kim
(CA Bar No. 228382)
okim@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
633 West Fifth Street, Suite 1550
Los Angeles, CA 90071
Telephone:  (323) 210-2900
Facsimile:   (866) 974-7329

J. Christopher Carraway
(OR Bar No. 961723)
chris.carraway@klarquist.com
John D. Vandenberg
(OR Bar No. 893755)
john.vandenberg@klarquist.com
Klarquist Sparkman, LLP
121 SW Salmon Street, Suite 1600
Portland, OR 97204
Telephone:  (503) 595-5300
Facsimile:   (503) 595-5301

*Counsel for Defendants*
*HEWLETT PACKARD ENTERPRISE CO. and*
*HP ENTERPRISE SERVICES, LLC*

8

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 8, 2016, a true and correct copy of the above and foregoing document has been served on all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Olivia M. Kim*
Olivia M. Kim