**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF TEXAS**

**TYLER DIVISION**

| | |
|---|---|
| REALTIME DATA LLC d/b/a IXO,<br><br>     Plaintiff,<br>   v.<br><br>ORACLE AMERICA, INC.,<br><br>     Defendant. | **Lead Case No. 6:16-cv-00088-RWS-JDL** |
| REALTIME DATA LLC d/b/a IXO,<br><br>     Plaintiff,<br>   v.<br><br>ORACLE AMERICA, INC., HEWLETT<br>PACKARD ENTERPRISE COMPANY,<br>AND HP ENTERPRISE SERVICES, LLC,<br><br>     Defendants. | **Case No. 6:15-CV-467-RWS-JDL** |

**PLAINTIFF REALTIME DATA LLC'S**
**REPLY CLAIM CONSTRUCTION BRIEF**

Now that Defendants have agreed to Realtime's construction for one of the two terms briefed in Realtime's Opening Claim Construction Brief, there is only one claim term at issue in this follow-on *Markman* proceeding: "one or more encoders are associated with the one or more parameters or attributes of the data." For this claim term, Defendants advance the same argument that this Court expressly rejected in this case; i.e. they continue to argue that the Court should import the "data type" limitation into a claim that does not recite it. The Court, on July 28, 2016, issued a claim construction order rejecting the "data type" limitation for the '513 patent—a patent that is related to, and has the same specification as, the '728 patent at issue here—for terms such as "characteristic, attribute, or parameter" and "content dependent compression algorithm." D.I. 41 at 9-21. Defendants do not provide (nor could they) any new revelation to overturn the Court's order rejecting the "data type" limitation. Like it has done for the related '513 patent, the Court should reject Defendants' "data type" limitation here.

A.      **"one or more encoders are associated with the one or more <u>parameters or attributes</u> of the data" ('728 cl. 24)**

| Realtime's Proposed Construction | Defendant's Proposed Construction |
|---|---|
| No construction necessary. | One or more encoders selected based on the encoder's (or encoders') ability to effectively encode the <u>data type</u> of the data block |

Claim 24 of the '728 patent does not recite "data type." Nevertheless, Defendants argue that the "data type" limitation should be imported because, allegedly, "that is the full breadth of the invention disclosed in the '728 patent specification." *See* Def.'s Br. at 2. The Court expressly found otherwise for the '513 patent, which is a related patent that has the same specification as the '728 patent:

- "Th[e] language [in the specification] indicates that *any* of the parameters listed— including but *not limited to data type*—can be used to identify an appropriate data compression algorithm." D.I. 41 at 12 (emphasis added).

- "If the Court were to limit this term ['characteristic, attribute, or parameter'] to 'data type' only, such a finding would exclude preferred embodiments." *Id.* at 13.

- "[T]he Court rejects Defendants' proposal [to import 'data type' limitation] because it is inconsistent with portions of the specification." *Id.* at 14.

Indeed, the claim term here is "one or more encoders…associated with the one or more parameters or attributes," and the specification expressly describes encoders that are associated not just with "data type," but also with other parameters and attributes: "A further step comprises maintaining an *association* between encoder types and data types, data structures, data block formats, file substructure, and/or file types." '728 patent at 4:49-51 (emphasis added).

Defendants point to the specification passage about selecting an appropriate algorithm based on data type. Def.'s Br. at 3 (citing '728 patent at 16:44-46). But that is the same passage and argument that Defendants advanced in the prior *Markman* proceeding and the same passage and argument that the Court expressly rejected: "Defendants have pointed to sections of the specification that state data type can be used to select an appropriate compression algorithm (citing '513 Patent at 16:15-16, 16:37-39 [which corresponds to '728 patent at 16:44-46]), *but those preferred embodiments cannot exclude other parameters that may be used*." D.I. 41 at 12. Indeed, as explained above and in Realtime's Opening Brief, the specification describes embodiments where encoders are associated with a variety of parameters or attributes, not just "data type." *E.g.* '728 patent at 4:46-51; 23:7-13. As the Court found and as the specification plainly shows, Defendants are incorrect that "[t]here is no disclosure in the specification that would support finding that encoding techniques could be selected for association with any other parameter or attributes of the data." Def.'s Br. at 3.

Defendants also argue that their proposal should be adopted because the specification portions Realtime identified are "fully *consistent* with Defendants' claim construction." Def.'s Br. at 3. But of course the use of "data type" is consistent with the specification—"data type" is one of the embodiments described in the patent. That a genus (*e.g.,* "parameters or attributes") is "fully consistent" with a species (*e.g.,* "data type") is entirely unsurprising. That is not to say that the broader phrase at issue here must be limited to "data type." Indeed, for Defendants' "data type" limitation to be imported, there must be "a clear and unmistakable disclaimer." *Thorner v. Sony Entertainment Am. LLC*, 669 F.3d 1362, 1367 (Fed. Cir. 2012). Being "consistent" is not a disclaimer, much less one that is clear and unmistakable.

Defendants further argue that the specification passage identified by Realtime "says nothing about how the data compression algorithms are 'associated with' those parameters." Def.'s Br. at 4. Defendants are incorrect. The specification describes that "a content dependent data recognition and or estimation module 1700 is utilized to analyze the incoming data stream for recognition of data types, data str[u]ctures, data block formats, file substructures, file types, or any other parameters." '728 patent at 23:7-13. The specification also describes that "[o]ptionally, a data file recognition list(s) or algorithm(s) 1710 module may be employed to hold *association* between recognized data parameters and appropriate algorithms." '728 patent at 23:13-16 (emphasis added). Accordingly, the specification provides various descriptions— without requiring "data type"—about how a data compression algorithms can be associated with parameters. Defendants' argument is akin to their rejected argument that all parameters "are all ultimately reduced to 'data type.'" D.I. 41 at 10, 12 ("merely proxies"). The Court's prior ruling and the specification confirms Defendants' fallacies.

As the Court found for the '513 patent with the same specification as the '728 patent, importing the "data type" limitation "would exclude preferred embodiments." D.I. 41 at 13. Defendants provide nothing new that could change the Court's correct holding in the July 28, 2016 claim construction order. The "data type" limitation should be rejected here. This term needs no construction.

Dated:  August 19, 2016                                Respectfully submitted,


                                                       By: /s/ *Reza Mirzaie*
                                                       Reza Mirzaie (CA SBN 246953)
                                                       Email: rmirzaie@raklaw.com
                                                       Marc A. Fenster (CA SBN 181067)
                                                       Email: mfenster@raklaw.com
                                                       Brian D. Ledahl (CA SBN 186579)
                                                       Email: bledahl@raklaw.com
                                                       C. Jay Chung (CA SBN 252794)
                                                       Email: jchung@raklaw.com

Jeffrey Z.Y. Liao (CA SBN 288994)
Email: jliao@raklaw.com
Christian Conkle (CA SB No. 306374)
Email: cconkle@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Telephone: 310/826-7474
Facsimile 310/826-6991

T. John Ward, Jr. (TX SBN 00794818)
E-mail: jw@wsfirm.com
Claire Abernathy Henry (TX SBN 24053063)
E-mail: claire@wsfirm.com
WARD, SMITH & HILL, PLLC
1127 Judson Road, Suite 220
Longview, Texas 75601
Tele: 903/757-6400
Facsimile 903/757-2323

**Attorneys for Plaintiff**
**REALTIME DATA LLC d/b/a IXO**

## **CERTIFICATE OF SERVICE**

I hereby certify that the counsel of record who are deemed to have consented to electronic service are being served on August 19, 2016, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.


/s/ *Reza Mirzaie*___
Reza Mirzaie