UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| REALTIME DATA LLC d/b/a IXO,<br><br>                    Plaintiff,<br><br>        v.<br><br>ORACLE AMERICA, INC.,<br><br>                    Defendant. | **Lead Case No. 6:16-cv-00088-RWS-JDL** |

**NOTICE OF PLAINTIFF REALTIME DATA LLC'S SUBPOENA TO F5 NETWORKS, INC. TO TESTIFY AT A DEPOSITION AND TO PRODUCE DOCUMENTS**

Please take notice that, pursuant to Federal Rules of Civil Procedure 26 and 45, Plaintiff SPH America, LLC has served or will serve on F5 Networks, Inc. the subpoena as set forth in the copy attached hereto.

Dated:  September 15, 2016                    Respectfully submitted,


                                                By: /s/ C. Jay Chung
                                                Marc A. Fenster (CA SBN 181067)
                                                Email: mfenster@raklaw.com
                                                Brian D. Ledahl (CA SBN 186579)
                                                Email: bledahl@raklaw.com
                                                Reza Mirzaie (CA SBN 246953)
                                                Email: rmirzaie@raklaw.com
                                                Paul Kroeger (CA SBN 229074)
                                                Email: pkroeger@raklaw.com
                                                C. Jay Chung (CA SBN 252794)
                                                Email: jchung@raklaw.com
                                                Jeffrey Z.Y. Liao (CA SBN 288994)
                                                Email: jliao@raklaw.com
                                                Christian Conkle (CA SB No. 306374)
                                                Email: cconkle@raklaw.com
                                                RUSS AUGUST & KABAT
                                                12424 Wilshire Boulevard, 12th Floor
                                                Los Angeles, CA 90025
                                                Telephone: 310/826-7474

1

Facsimile 310/826-6991

T. John Ward, Jr. (TX SBN 00794818)
E-mail: jw@wsfirm.com
Claire Abernathy Henry (TX SBN 24053063)
E-mail: claire@wsfirm.com
WARD, SMITH & HILL, PLLC
P. O. Box 1231
Longview, Texas 75606
Tele: 903/757-6400
Facsimile 903/757-2323

**Attorneys for Plaintiff**
**REALTIME DATA LLC d/b/a IXO**

## CERTIFICATE OF SERVICE

      I hereby certify that the counsel of record who are deemed to have consented to electronic service are being served on September 15, 2016, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

/s/ C. Jay Chung

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

| | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| *Defendant* | ) | |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To:

_____
*(Name of person to whom this subpoena is directed)*

❐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: | Date and Time: |
|---|---|
| | |

The deposition will be recorded by this method: _____

❐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____    _____
*Signature of Clerk or Deputy Clerk*                 *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____, who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

## **DEFINITIONS**

The words and phrases used in these Requests shall have the meanings ascribed to them under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Eastern District of Texas. In addition, the following terms shall have the meanings set forth below whenever used in any Request:

1. "F5," "You," "you," "Your," and "your" shall mean F5 Networks, Inc., and all predecessors, successors, predecessors-in-interest, successors-in-interest, subsidiaries, divisions, parents, and/or affiliates, past or present, any companies that have a controlling interest in F5 and any current or former employee, officer, director, principal, agent, consultant, sales representative, or attorney thereof.

2. "Realtime" shall mean Realtime Data, LLC and all predecessors, successors, predecessors-in-interest, successors-in-interest, subsidiaries, divisions, parents, and/or affiliates, past or present, any companies that have a controlling interest in Realtime and any current or former employee, officer, director, principal, agent, consultant, sales representative, or attorney thereof.

3. The "F5/Realtime litigation" shall mean the case titled Realtime Data, LLC d/b/a IXO v. Packeteer, Inc., et al, 6:08-cv-00144-LED-JDL in the U.S. District Court for the Eastern District of Texas.

4. "Realtime Patents" shall mean any patents owned by Realtime, including but not limited to those patents asserted by Realtime in the F5/Realtime litigation or licensed under the October 19, 2009 Settlement and License Agreement between F5 and Realtime.

.

1

5. "F5 Accused Product" shall mean any F5 product that Realtime accused of infringement in the F5/Realtime litigation.

6. "Document" is defined broadly to be given the full scope of that term contemplated in Federal Rules of Civil Procedure 26 and 34, and includes all tangible things, all originals (or, if originals are not available, identical copies thereof), all non-identical copies of a document, all drafts of final documents, all other written, printed, or recorded matter of any kind, and all other data compilations from which information can be obtained and translated if necessary, that are or have been in your actual or constructive possession, custody, or control, regardless of the medium on which they are produced, reproduced, or stored (including without limitation computer programs and files containing any requested information), and any recording or writing, as these terms are defined in Rule 1001 of the Federal Rules of Evidence. Any document bearing marks, including without limitation, initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof, is a separate document.

7. "Communication" means any contact, oral or written, whereby information of any nature is transmitted or transferred, including without limitation, persons seeing or hearing any information by any means and any document memorializing or referring to the contact.

8. "Relating to" means regarding, referring to, concerning, mentioning, reflecting, pertaining to, analyzing, evidencing, stating, involving, identifying, describing, discussing, documenting, commenting on, dealing with, embodying, responding to, supporting, contradicting, comprising, containing, or constituting (in whole or in part), as the context makes appropriate.

9. "And" as well as "or" are to be construed either disjunctively or conjunctively to

acquire the broadest meaning possible, so as to bring within the scope of the Request all information that might otherwise be construed to be outside its scope.

10. The term "all" is to be construed to mean "any" and "each" and vice versa.

11. The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

12. The singular is to be construed as including the plural and vice versa.

13. "Oracle Accused Instrumentalities" means Oracle SecureFiles used with, e.g., Oracle 11g Database (e.g., Release 1 & 2), Oracle Exadata Database Machine, Oracle Database 12c, Oracle Database Cloud Service, Oracle Database Appliance, Oracle Exadata Storage Server; Oracle Database In-Memory, used with Oracle Database 12c; Oracle Solaris 11 OS (e.g., Solaris 11, 11 Express, 11.1, 11.2, 11.3) (with integrated ZFS file system) used with, e.g., Oracle ZFS Storage Appliance, Oracle Pillar Axiom MaxRep Replication Engines, Oracle Solaris Operating System, Oracle Cloud.

14. "Dell Accused Instrumentalities" means Dell's Fluid File System or FluidFS, versions 3.0 and 4.0; and the Ocarina Networks Optimizer (ECOsystem) product.

15. "Hughes Accused Instrumentalities" means Hughes ActiveCompression™ as used by the HS1200 and HN/HX, as well as HS4400 and HS4700.

16. "HP Accused Instrumentalities" means HP Vertica and HP StoreOnce.

17. "Riverbed Accused Instrumentalities" means the Riverbed Optimization System software, which operates on, e.g., Riverbed's SteelHead systems and appliances.

## INSTRUCTIONS

The instructions contained in Rule 45 of the Federal Rules of Civil Procedure and the

Local Rules of this Court are incorporated herein by reference and are supplemented as follows:

1. Each paragraph in this attachment shall be construed independently, and no paragraph shall be construed to limit any other paragraph.

2. The use of any definition in this attachment is not an agreement or acknowledgment that such definition is accurate, meaningful, or appropriate for any other purpose in this action.

3. Each document is to be produced along with all non-identical drafts thereof in their entirety, without abbreviation or redaction, and as maintained in the ordinary course of business. If a document responsive to any request cannot be produced in its entirety, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

4. Each page or sheet shall be marked with a consecutive document control number.

5. Notwithstanding the above definitions, unless separately stated, this subpoena does not seek electronic mail.

6. Provide the following information for any responsive document or thing withheld from production on the grounds that it is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other relevant privilege:

    a. The author of the document;

    b. The person(s) for whom the document was prepared, to whom it was sent, and who received copies;

    c. The date of the document;

    d. The subject matter of the document;

    e. The type of document (e.g., letter, memorandum, note, report, etc.);

      f. The number of pages and attachments; and

      g. The nature and the basis for the claim of privilege.

7.    More than one paragraph of this request may ask for the same documents. The presence of such duplication is not to be interpreted to narrow or limit the normal interpretation placed upon each individual request. Where a writing is requested in more than one numbered paragraph, only one copy of it need be produced.

8.    If you object to a request, or any part of a request, produce all documents to which your objection does not apply.

**DOCUMENTS AND THINGS TO BE PRODUCED**

1. Documents (e.g., emails, communications, letters, etc.) regarding any stipulations and draft stipulations regarding the case of *Realtime Data LLC v. Oracle America, Inc.*, Case No. 15-cv-00088-RWS-JDL (E.D. Tex.) relating to Oracle's subpoena dated Aug. 12, 2016, to F5, including, e.g., draft stipulations first sent by Oracle's counsel to Realtime's counsel (along with F5's counsel) on September 2, 2016 and other dates.

2. If F5 has ever marked any of its products with the Realtime Patents, Documents sufficient to show what products were marked and for how long the products were marked.

3. Documents sufficient to show the changes to the operation of the data compression functionality in the F5 Accused Products since the F5/Realtime litigation.

4. Documents sufficient to show F5 and/or its customers using the Oracle Accused Instrumentalities, including using the Oracle Accused Instrumentalities to perform deduplication and compression that is not deduplication.

5. Documents sufficient to show F5 and/or its customers using the Dell Accused Instrumentalities, including using the Dell Accused Instrumentalities to perform deduplication and compression that is not deduplication.

6. Documents sufficient to show F5 and/or its customers using the Hughes Accused Instrumentalities, including using the Hughes Accused Instrumentalities to perform deduplication and compression that is not deduplication.

7. Documents sufficient to show F5 and/or its customers using the HP Accused Instrumentalities, including using the HP Accused Instrumentalities to perform

deduplication and compression that is not deduplication.

8. Documents sufficient to show F5 and/or its customers using the Riverbed Accused Instrumentalities, including using the Riverbed Accused Instrumentalities to perform deduplication and compression that is not deduplication.

**TOPICS FOR TESTIMONY**

1. Communications regarding any stipulations and draft stipulations regarding the case of *Realtime Data LLC v. Oracle America, Inc.*, Case No. 15-cv-00088-RWS-JDL (E.D. Tex.) relating to Oracle's subpoena dated Aug. 12, 2016, to F5, including, e.g., draft stipulations first sent by Oracle's counsel to Realtime's counsel (along with F5's counsel) on September 2, 2016 and other dates.

2. If F5 has ever marked any of its products with the Realtime Patents, what products were marked and for how long the products were marked.

3. The changes to the operation of the data compression functionality in the F5 Accused Products since the F5/Realtime litigation.

4. F5's and/or its customers' use of the Oracle Accused Instrumentalities, including using the Oracle Accused Instrumentalities to perform deduplication and compression that is not deduplication.

5. F5 and/or its customers' use of the Dell Accused Instrumentalities, including using the Dell Accused Instrumentalities to perform deduplication and compression that is not deduplication.

6. F5 and/or its customers' use of the Hughes Accused Instrumentalities, including using the Hughes Accused Instrumentalities to perform deduplication and compression that

    is not deduplication.

7. F5 and/or its customers' use of the HP Accused Instrumentalities, including using the HP Accused Instrumentalities to perform deduplication and compression that is not deduplication.

8. F5 and/or its customers' use of the Riverbed Accused Instrumentalities, including using the Riverbed Accused Instrumentalities to perform deduplication and compression that is not deduplication.