# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| REALTIME DATA LLC d/b/a IXO,<br><br>Plaintiff,<br><br>v.<br><br>ORACLE AMERICA, INC.,<br><br>Defendant. | Case No. 6:16-cv-088-RWS-JDL<br>(LEAD CASE)<br><br>JURY TRIAL DEMANDED |
| REALTIME DATA LLC d/b/a IXO,<br><br>Plaintiff,<br><br>v.<br><br>ORACLE AMERICA, INC., HEWLETT-PACKARD COMPANY, and HP ENTERPRISE SERVICES, LLC,<br><br>Defendants. | Case No. 6:15-cv-467-RWS-JDL<br><br>JURY TRIAL DEMANDED |

## AMENDED DOCKET CONTROL ORDER

It is hereby ORDERED that the following schedule of deadlines is in effect until further order of this Court:

| Current Deadline | New Deadline | Event |
|---|---|---|
| **Trial Date**<br><br>**May 22, 2017** | | **9:00 a.m. JURY TRIAL as reached at the United States District Court, 211 W. Ferguson, Tyler, Texas, before the Honorable Robert W. Schroeder, III, for whichever case of the previously consolidated cases in this proceeding the Court later determines shall proceed to trial first. 35 U.S.C. Section 299** |

| | | |
|---|---|---|
| **May 15, 2017** | | **9:00 a.m. JURY SELECTION at United States District Court, 211 W. Ferguson, Tyler, Texas, before the Honorable Robert W. Schroeder, III** |
| **May 4, 2017** | | **9:00 a.m. PRETRIAL CONFERENCE at the United States District Court, 211 W. Ferguson, 2nd Floor, Courtroom of Judge John D. Love, Tyler, Texas.**<br><br>All pending motions will be heard.<br>Lead trial counsel must attend the pretrial conference. |
| May 2, 2017 | | Parties to file estimates of the amount of time they request at jury selection ad trial for (1) voir dire, (2) opening statements, (3) direct and cross examinations, and (4) closing arguments. |
| April 27, 2017 | | **Responses to Motions in Limine due.** |
| April 24, 2017 | | **Motions in Limine due.** The parties are directed to confer and advise the Court on or before 3:00 p.m. the day before the pre-trial conference which paragraphs are agreed to and those that need to be addressed at the pre-trial conference.<br><br>Motions in limine should comply with local rule CV-7(n) and the Court's standing order regarding motions in limine. Parties shall file motions in limine as a single document containing no more than 10 disputed issues absent leave of court**.** |

| | | |
|---|---|---|
| April 24, 2017 | | **Objections to Pretrial Disclosures due.**<br><br>A party may serve a file a list disclosing (1) any objections to the use under Rule 32(a) of a deposition designated by another party under Rule 26(a)(3)(A)(ii); and (2) any objections, together with the grounds therefor, that may be made to the admissibility of materials identified under Rule 26(a)(3)(A)(iii). Prior to filing objections, the parties are expected to comply with the meet and confer requirements of Local Rule CV-7(h).<br><br>Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused by the Court for good cause. |
| April 14, 2017 | | **Objections to Rebuttal Deposition Testimony due.** |
| April 10, 2017 | | **Rebuttal Designations and Objections to Deposition Testimony due.**<br>For rebuttal designations, cross examination line and page numbers to be included.<br><br>In video depositions, each party is responsible for preparation of the final edited video in accordance with their parties' designations and the Court's rulings on objections. |

| | | |
|---|---|---|
| March 30, 2017 | | **Pretrial Disclosures due.**<br><br>Each party shall provide to the other parties disclosures regarding the evidence that the disclosing party intends to present at trial pursuant to Federal Rule of Civil Procedure 26(a)(3)(A), specifically to include the exchange of exhibit lists, witness lists, and deposition designations, if any. Sample exhibit lists and witness lists with the Court's preferred format can be found on the Court's website at www.txed.uscourts.gov. <u>Parties should use the sample lists of the trial judge, which can be found on each respective judge's website.</u><br><br>Each party who proposes to offer deposition testimony pursuant to Rule (26)(a)(3)(A)(ii) shall file a disclosure identifying the line and page numbers to be offered.<br><br>The parties are directed to comply with this Court's standing order regarding limitations on deposition designations, exhibits, and witness lists. |
| March 10, 2017 | | **Joint Pretrial Order, Joint Proposed Jury Instructions with citation to authority and Form of the Verdict for jury trials due.** Proposed Findings of Fact and Conclusions of Law with citation to authority for issues tried to the bench.<br><br>Notice of Request for Daily Transcript or Real Time Reporting of Court Proceedings due. If a daily transcript or real time reporting of court proceedings is requested for trial or hearings, the party or parties making said request shall file a notice with the Court. |
| February 28, 2017 | | **Second mediation to be completed.** |
| January 31, 2017 | | **Parties to Identify Rebuttal Trial Witnesses.** |

| | | |
|---|---|---|
| January 30, 2017<br><br>*At least 15 days after dispositive motion date below* | | **Response to Dispositive Motions (including *Daubert* motions) due.**<br>Responses to dispositive motions filed prior to the dispositive motions deadline, including *Daubert* motions, shall be due in accordance with Local Rule CV-56 and Local Rule CV-7. Motions to extend page limits will only be granted in exceptional circumstances. |
| January 13, 2017 | | **Dispositive Motions due from all parties and any other motions that may require a hearing (including *Daubert* motions) due.** Motions shall comply with Local Rule CV-56 and Local Rule CV-7. <u>Motions to extend page limits will only be granted in exceptional circumstances.</u><br><br>For each motion filed, the moving party shall provide the Court with two (2) copies of the completed briefing (opening motion, response, reply, and if applicable, surreply), and any associated exhibits, in a three-ring binder appropriately tabbed. Courtesy copies shall be delivered to the Court as soon as briefing is completed. |
| January 10, 2017 | | **Parties to Identify Trial Witnesses.** |
| December 16, 2016 | | **Expert Discovery Deadline.** |
| November 28, 2016 | | **Rebuttal expert witness reports due.**<br><br>If, without agreement, a party serves a supplemental expert report after the deadline has passed, the serving party must file notice with the Court stating service has occurred and the reason why a supplemental report is necessary under the circumstances. |
| November 17, 2016 | | **Deadline to File Letter Briefs for Summary Judgment Motions and *Daubert* Motions.** See the Court's website for further information. |
| October 31, 2016 | | **Expert witness reports due by the party with the burden of proof.** |

| | | |
|---|---|---|
| October 20, 2016 | | Defendant shall serve **Final Election of Asserted Prior Art** covering both cases in compliance with Phased Limits Order. |
| October 2, 2016 | | Patent Claimant shall serve **Final Election of Asserted Claims** covering both cases in compliance with Phased Limits Order. |
| September 30, 2016 | | **Discovery Deadline.** |
| September 15, 2016 | | **Document Production Deadline.** |
| September 16, 2016 | | **Privilege Logs** to be exchanged by parties, identifying the documents or information and the basis for any disputed claim of privilege in a manner that without revealing the information itself privileged or protected, will enable the parties to assess the applicability of the privilege or protection. A party may move the Court for an order compelling the production of any privileged documents or information identified on any other party's privilege log. If such a motion is made, the party asserting the privilege shall file with the Court within thirty (30) days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for in camera inspection. If the parties have no disputes concerning privileged documents or information, then the parties shall file a notice so stating **within 10 days** of exchanging privilege logs. |

| | | |
|---|---|---|
| September 7, 2016<br><br>**(relating to the '506, '728, '812, '867, and '345 patents)** | | ***Markman* hearing and hearing on any Motion for Summary Judgment of Indefiniteness at 1:30 p.m. at the United States District Court, 211 W. Ferguson, 2nd Floor, Courtroom of Judge John D. Love, Tyler, Texas.**<br><br>In order to streamline the *Markman* hearing, the Court will propose a construction for a particular claim term and each party will then have the opportunity to respond to the Court's proposed construction. The Court will take the parties' arguments under advisement and issue a claim construction opinion at a later date.<br><br>The Court will not permit live testimony regarding claim construction absent an order granting leave to call witnesses. |
| October 13, 2016 | | **Early Damages Expert Hearing at 9:00 a.m. at the United States District Court, 211 West Ferguson, 2nd Floor, Courtroom of Judge John D. Love, Tyler, Texas.**<br><br>The Court will hear each Damages Expert give a short summary of their conclusions. Each party will then have the opportunity for brief cross-examination. |

| | | |
|---|---|---|
| August 26, 2016<br><br>**(relating to the '506, '728, '812, '867, and '345 patents)** | | **P.R. 4-5(d) Chart due**. The parties are to meet and confer and jointly submit a claim construction chart on computer disk in Word format listing each party's proposed construction for each of the terms to be addressed at the *Markman* hearing, including any terms purported to be indefinite. The parties should prioritize and list terms in order of most importance; the Court will address the terms in the prioritized order presented in the claim construction chart.<br><br>**Reply to Motion for Summary Judgment of Indefiniteness due.** The moving party is to provide the Court with 2 binders containing the entire set of briefing (opening motion, response, reply, and surreply, if any) and exhibits appropriately tabbed. If a technical advisor has been appointed, the moving party is to provide briefing on a disk or CD along with a hard copy, tabbed and bound in notebook format with exhibits to the advisor.<br><br>Briefing shall comply with Local Rules CV-7 and 56 and Patent Rule 4-5(e). Pages shall be counted against the party's total page limit. *See* Local Rules CV-7(a)(3). <u>Motions to extend page limits will only be granted in exceptional circumstances.</u> |
| August 19, 2016<br><br>**(relating to the '506, '728, '812, '867, and '345 patents)** | | Parties to file a notice with the Court stating the estimated amount of time request for the *Markman* hearing. The Court will notify the parties if it is unable to accommodate this request.<br><br>**Comply with P.R. 4-5(c)** - Reply brief and supporting evidence regarding claim construction due. Plaintiff is to provide the Court with 2 binders containing the *Markman* brief in its entirety (opening brief, response, and reply) and exhibits appropriately tabbed. If a technical advisor has been appointed the moving party is to provide their *Markman* brief on a disk or CD along with a hard copy, tabbed and bound in notebook format with exhibits to the advisor. |

| | | |
|---|---|---|
| August 19, 2016<br><br>**(relating to the '506, '728, '812, '867, and '345 patents)** | | **Response to Motion for Summary Judgment of Indefiniteness due.**<br><br>Briefing shall comply with Local Rules CV-7 and 56 and Patent Rule 4-5(e). Pages shall be counted against the party's total page limit. *See* Local Rules CV-7(a)(3). <u>Motions to extend page limits will only be granted in exceptional circumstances.</u> |
| September 30, 2016 | **October 4, 2016** | Exchange **Early Damage Expert Report** consisting of no more than 5 pages setting forth damages conclusions and bases for the conclusions. The parties shall not file these early reports, but shall copy the court directly to chambers. |
| August 12, 2016<br><br>**(relating to the '506, '728, '812, '867, and '345 patents)** | | **Comply with P.R. 4-5(b)** – Responsive claim construction brief and supporting evidence due.<br><br>**Motion for Summary Judgment of Indefiniteness due.**<br>Briefing shall comply with Local Rules CV-7 and 56 and Patent Rule 4-5(e). Pages shall be counted against the party's total page limit. *See* Local Rules CV-7(a)(3). <u>Motions to extend page limits will only be granted in exceptional circumstances.</u> |
| August 10, 2016<br><br>**(relating to the '506, '728, '812, '867, and '345 patents)** | | **Deadline to File Letter Brief for Motion for Summary Judgment of Indefiniteness.** See the Court's website for further information. |
| August 5, 2016 | | Defendant shall serve **Preliminary Election of Asserted Prior Art** in compliance with the Phased Limits Order. |

In the event that any of these dates fall on a weekend or Court holiday, the deadline is modified to be the next Court business day.

The parties are directed to Local Rule CV-7(d), which provides in part that "[i]n the event a party fails to oppose a motion in the manner prescribed herein the Court will assume that the party has no opposition." Local Rule CV-7(e) provides that a party opposing a motion has **17 days** in which to serve and file supporting documents and briefs after which the Court will consider the submitted motion for decision.

## OTHER LIMITATIONS

(a) All depositions to be read into evidence as part of the parties' case-in-chief shall be EDITED so as to exclude all unnecessary, repetitious, and irrelevant testimony; ONLY those portions which are relevant to the issues in controversy shall be read into evidence.

(b) The following excuses will not warrant a continuance nor justify a failure to comply with the discovery deadline:

   (i) The fact that there are motions for summary judgment or motions to dismiss pending;

   (ii) The fact that one or more of the attorneys is set for trial in another court on the same day, unless the other setting was made prior to the date of this order or was made as a special provision for the parties in the other case;

   (iii) The failure to complete discovery prior to trial, unless the parties can demonstrate that it was impossible to complete discovery despite their good faith effort to do so.

**So ORDERED and SIGNED this 30th day of September, 2016.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE