IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| REALTIME DATA, LLC, | § § § | |
| *Plaintiff,* | § § § | CIVIL ACTION NO. 6:15-CV-463 RWS-JDL |
| V. | § § § | LEAD CASE |
| ACTIAN CORPORATION ET AL., | § § § | JURY TRIAL DEMANDED |
| *Defendants.* | § | |
| REALTIME DATA, LLC, | § § § | |
| *Plaintiff,* | § § § § | CIVIL ACTION NO. 6:16-CV-88 RWS-JDL |
| V. | § § § | LEAD CASE |
| ORACLE AMERICA, INC., HEWLETT PACKARD ENTERPRISE COMPANY, and HP ENTERPRISE SERVICES, LLC, | § § § § § § § | JURY TRIAL DEMANDED |
| *Defendants.* | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

The above entitled and numbered civil actions were referred to United States Magistrate

Judge John D. Love pursuant to 28 U.S.C. § 636. On July 28, 2016, the Magistrate Judge issued

a Report and Recommendation in Civil Action No. 6:15-cv-463 and its consolidated cases

recommending that Defendants'[1] Motion for Partial Summary Judgment of Indefiniteness be

---

[1] Defendants include EchoStar Corporation, Hughes Network Systems, LLC, Hewlett Packard Enterprise Co., HP Enterprise Services, LLC, Riverbed Technology, Inc., Dell Inc., SAP America, Inc., and Sybase, Inc. Defendants EchoStar Corporation, Hughes Network Systems, LLC, and Riverbed Technology, Inc. joined the motion with

1

denied with respect to claim terms in U.S. Patent No. 6,597,812 ("the '812 Patent"), U.S. Patent No. 7,415,530 ("the '530 Patent"), and U.S. Patent No. 9,116,908 ("the '908 Patent"). (Doc. No. 360.) In Civil Action No. 6:16-cv-88 and its consolidated cases, Hewlett Packard Enterprise Co. and HP Enterprise Services, LLC's (collectively, "HP") filed objections to the Report and Recommendation (Doc. No. 47), to which Plaintiff Realtime Data, LLC ("Plaintiff") filed a response (Doc. No. 57). None of the Defendants filed objections in Civil Action No. 6:15-cv-463 and its consolidated cases. The Court reviews the objected-to findings and recommendations of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1)(C).

HP objects to the Magistrate Judge's finding that the term "similar" is definite. The term appears either directly or indirectly in Claims 1, 4, 8, 14, 17, 21, and 28 of the '812 Patent.[2] Specifically, HP objects that "similar" has a broader meaning than "the same" or "matching," and "the '812 patent does not specify what characteristic needs to be alike or the extent to which two items can differ in that characteristic and yet remain 'similar.'" (Civil Action No. 6:16-cv-88, Doc. No. 47, at 2.) HP argues that the specification excerpts in the Magistrate Judge's Report "merely refer to examples and embodiments" and that they do not provide objective bounds for the claim term. (*Id.* at 2-3.) HP concludes by arguing that the Court's decision in *ACQIS* is not distinguishable because "like the patentee in *ACQIS*, Realtime is 'unable to articulate any point at which components or circuitry would cease to be 'similar,'' and instead argues 'that the only base reference for similarity is actually 'identity.''" (*Id.* at 3 (citing *ACQIS LLC v. Alcatel-Lucent USA Inc.*, No. 13-638, 2015 WL1737853, at *10 (E.D. Tex. Apr. 13, 2015).)

---

respect to the claims of the '530 and '908 Patents, but not with respect to the '812 Patent. (*See* Doc. No. 360, at 1 n.1.)
[2] Claim 28 expressly recites "similar" data blocks, and the other claims recite a "run-length sequence," which the parties agree means "plural consecutive *similar* data blocks." (*See* Doc. No. 362, at 40.)

The Court agrees with the Magistrate Judge that the term "similar" in the context of the '812 Patent "refers to data blocks that can be treated as the same for purposes of run-length encoding." (Civil Action No. 6:15-cv-463, Doc. No. 360, at 7.) HP does not provide any citations for its argument that "similar" has a broader meaning. (*See* Civil Action No. 6:16-cv-88, Doc. No. 47, at 2.) Indeed, this argument appears to focus on the term in a vacuum without reference to the intrinsic record. Although HP is correct that in common parlance "similar" may have a broader meaning than "matching" or "the same," indefiniteness must be assessed in light of the particular patent specification and prosecution history. *Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S. Ct. 2120, 2129-30 (2014). In this case, the Magistrate Judge set forth his opinion that specifically "***[i]n light of the information disclosed in the '812 Patent***, one skilled in the art would understand that 'similar' refers to data blocks that can be treated as the same for purposes of run-length encoding." (Doc. No. 360, at 7 (emphasis added).) The Magistrate Judge explained that "the specification appears to use 'match' and 'similar' interchangeably, at least for purposes of a particular run-length encoding scheme." (*Id.*)

The Court is not persuaded by HP's argument that the Magistrate Judge's specification citations "merely refer to examples and embodiments" and do not provide objective boundaries to the claim term. (*See* Civil Action No. 6:16-cv-88, Doc. No. 47, at 2-3.) The specification refers to the phrases "consecutively similar characters" and "consecutive characters that match" interchangeably. *See, e.g.*, '812 Patent, at 8:21-33. The specification and patent figures also describe "run-length sequence" of "similar data blocks" as a "match" of a sequence of data blocks. *See id.* at 8:17-27. This disclosure does not merely highlight "examples," but rather demonstrates how the term "similar" is used and understood in the context of the patent. *See, e.g.*, *Edwards Lifesciences LLC v. Cook Inc.*, 582 F.3d 1322, 1329 (Fed. Cir. 2009) ("The

interchangeable use of the two terms is akin to a definition equating the two.") HP's argument is rejected.

Finally, HP argues that the Court's decision in *ACQIS* is indistinguishable from the present case. (Civil Action No. 6:16-cv-88, Doc. No. 47 at 3 (citing *ACQIS LLC v. Alcatel-Lucent USA Inc.*, No. 13-638, 2015 WL1737853, at *10 (E.D. Tex. Apr. 13, 2015).) The Court agrees with Plaintiff that in *ACQIS*, "the term 'computer modules [] *similar in design*' was held indefinite because, unlike the technology and specification here, the claim term did not have a known meaning. And further, unlike the patent here, the patent in *Acqis* never suggested that it would require identical designs." (Doc. No. 57, at 5.) The term "similar" must be construed specifically in the context of the '812 Patent as it would be understood by a person of ordinary skill in the art, not in the context of *ACQIS*. Here, the Court finds that there are objective boundaries to the meaning of the term "similar" in that it is used interchangeably with the term "match." HP's objection on this ground is rejected.

Therefore, the Court **ADOPTS** the Report and Recommendation of the United States Magistrate Judge as the findings and conclusions of this Court. All objections are **OVERRULED**.

**SIGNED this 1st day of November, 2016.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE

4