**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| REALTIME DATA LLC d/b/a IXO,<br><br>        Plaintiff,<br><br>v.<br><br>ORACLE AMERICA, INC.,<br><br>        Defendant. | **Lead Case No. 6:16-cv-00088-RWS-JDL** |

**PLAINTIFF REALTIME DATA LLC'S REPLY IN SUPPORT OF MOTION (D.I. 78) FOR LEAVE TO SUPPLEMENT INFRINGEMENT CONTENTIONS AS TO DEFENDANT ORACLE AMERICA, INC.**

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

**TABLE OF CONTENTS**

**Page(s)**

I.   INTRODUCTION .................................................................................................................. 1

II.  ARGUMENT ........................................................................................................................ 1

   A.   Realtime Supplement Came Shortly After Key Information Were Produced With Respect To The '812 and '728 Patents And Only A Few Months After Start Of Discovery. ................................................................................................................. 1

   B.   Realtime's Supplement Is Important. ...................................................................... 4

   C.   Oracle Is Not Unfairly Prejudiced By The Supplement. ......................................... 4

   D.   There Is No Need For Continuance. ........................................................................ 5

III. CONCLUSION ..................................................................................................................... 5

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

I.  **INTRODUCTION**

Oracle does not dispute (nor can it) that discovery with respect to the '812 and '728 patents at issue in this motion began in July 2016, or that Oracle produced 100,000 pages of documents, including confidential documents relating to HCC, in September 2016. Oracle argues, instead, that Realtime's supplement—served just a few months after July 2016— should be denied because Oracle allegedly produced some of the information in a separate case involving different patents earlier (in December 2015). Oracle's argument should be rejected. As an initial matter, Realtime could not have supplemented until discovery started with respect to the '812 and '728 patent, when the Court consolidated Case No. 16-cv-088 with Case No. 15-cv-467. Moreover, the 100,000 pages of documents Oracle produced in September 2016 are not simply duplicates of what it produced in December 2015 in Case No. 15-cv-467 involving different patents. Rather, information Oracle produced in September and October 2016 provided confidential information regarding the HCC product that allowed Realtime to supplement its infringement contentions, which Realtime did promptly and diligently in October 2016.

Realtime's supplement also does not prejudice Oracle. Oracle's argument that it needs time to conduct "discovery" with respect to its own product is meritless. Oracle created HCC, and has ready access to its own documents and personnel who develop, market, and sell HCC. Moreover, Oracle's argument that it needs additional time to conduct prior art search is also meritless, as Realtime's supplement did not add any new patents or patent claims, and is consistent with its infringement contentions with respect to other accused products. Realtime's motion to amend should be granted.

II. **ARGUMENT**

    A.  **Realtime Supplement Came Shortly After Key Information Were Produced With Respect To The '812 and '728 Patents And Only A Few Months After Start Of Discovery.**

1

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

There is no dispute that the '812 and '728 patents became at issue in this litigation in 2016, with filing of Case No. 16-cv-088, and that discovery with respect to the '812 and '728 patents began in July 2016. *See* Mot. at 4. And there is no dispute that Oracle produced 100,000 pages of documents, including confidential documents relating to HCC, in September 2016. *See id.* Realtime supplemented its infringement contentions regarding HCC shortly thereafter, on October 11, 2016.

Oracle argues that these key facts and events should be ignored because some of the confidential information were allegedly produced in a different case involving different patents. Oracle's argument should be rejected. First, the documents that Oracle produced in December 2015 were produced in Case No. 15-cv-467 involving patents different from the '812 and '728 patents at issue in this motion; indeed, the '812 patent is not related to any of the patents that are asserted in Case No. 15-cv-467. The Court did not consolidate Case No. 15-cv-467 with Case No. 16-cv-088 until July 7, 2016. D.I. 24. As such, Realtime could not have supplemented until at least July 2016, when discovery began for the '812 and '728 patents.

Oracle also argues that the 100,000 pages of documents it produced in September 2016 are all somehow duplicative of what it produced in December 2015. That is untrue. Oracle's table on pages 7-9 of its Opposition brief mischaracterizes the nature of the documents. For example, Oracle asserts that "Design Specification for Hybrid-Columnar Compression" (ORCL00309364, attached to Realtime's Motion as Realtime's Exhibit[1] 7) produced on September 15, 2016 are somehow equivalent to ORCL00059130 (attached to Oracle's Opposition as Oracle's Exhibit 7). *See* Opp. at 9. They are not. "Design Specification for Hybrid-Columnar Compression" is a fifty (50) page document that sets forth technical details regarding HCC; in contrast, the document attached as Oracle's Exhibit 7 (ORCL0059130) is one page of a

---

[1] Realtime's Exhibits 1-10 were attached to Realtime's Motion papers.

2

slide deck with a fraction of the information contained in the HCC "Design Specification." As another example, "Functional Specification for EHCC Enhancements" (ORCL00309577, attached to Realtime's Motion as Realtime's Exhibit 8) is not equivalent to ORCL00006979 (attached to Oracle's Opposition as Oracle's Exhibit 8) or ORCL00018112 (attached to Oracle's Opposition as Oracle's Exhibit 9). Oracle's Exhibits 8 and 9 are specification documents about an entirely different accused product—Database In-Memory, not HCC.

Oracle further argues that Realtime should have known of "two levels of compression" from an obscure "blog post" (Opp. at 9). But, as Oracle's former product manager stated, "the two levels of compression stuff is definitely something we [i.e., Oracle] shouldn't talk about" publicly. Ex. 2 at ORCL00301134. That Realtime did not find out about Oracle's confidential information inadvertently posted as a comment to a "blog post" does not demonstrate lack of diligence on the part of Realtime.

Oracle's argument that "Mr. Gleeson only confirmed what was already disclosed on the face of the documents" is also incorrect. Mr. Gleeson provided additional information, including "sampl[ing]" that occurs in HCC, as well as information relating to headers and metadata in HCC. *See, e.g.,* Ex. 3 at 206 ("Generally speaking, the compression analyzer [in HCC] will sample the data and attempt to choose an appropriate transformation. … [Q.] So the compression analyzer in HCC will sample the data in—per column and choose a different compression algorithm for each column based on the analysis, true? … A. True."); *id.* at 209-210 ("Q. Does the CU header relate to HCC compression unit? … A. Yes.  Q. And what's included in the CU header? … A. Metadata pertinent to the layout of the CU. … for example, the number of columns in the CU, perhaps the type of compression that was applied to those columns. There may be date stamp. … There may be a record of the uncompressed size."). Mr. Gleeson, deposed

on October 7, 2016, provided information that revealed more than what was simply on "the face of the documents."

In sum, Realtime supplement of October 11, 2016 came shortly after Oracle produced confidential information in September and October 2016, just a few months after discovery began with respect to the '812 and '728 patent at issue here.

### B. Realtime's Supplement Is Important.

Realtime's supplement as to HCC and the '812 and '728 patents is important because it allows the Court and the parties to deal with these issues in this case, rather than requiring additional litigation. *See, e.g., Commonwealth Sci. & Indus. Research Org. v. MediTek Inc.*, Case No. 12-cv-578, D.I. 328 (E.D. Tex. Aug. 4, 2014) ("it is important for the Court and the parties to deal with all possible infringement claims under the [asserted patent] in the instant case, rather than requiring additional litigation."); *Stragent, LLC v. Freescale Semiconductor, Inc.*, Case No. 10-cv-224-LED-JDL, D.I. 106 (E.D. Tex. July 14, 2011) ("[T]he addition of the MPC567xK product family is important to Stragent's infringement case [because] [w]ithout leave to amend, Stragent will be unable to accuse the MPC567xK products in this litigation."). Moreover, as Oracle concedes, the addition of HCC adds additional damages to Realtime. *See* D.I. 91.

Oracle's arguments are contradictory. First, Oracle argues that it provided sufficient "confidential Oracle documents that disclosed the accused features of HCC for the better part of a year," then second, it contradicts itself by stating that it provided "insufficient discovery" and that Realtime should have moved to compel. *See* Opp. at 12. Oracle's contradictory arguments do not change the fact that Realtime's supplement is important, as explained above.

### C. Oracle Is Not Unfairly Prejudiced By The Supplement.

Oracle's argument that it would allegedly suffer "prejudice" is filled with falsities and hyperbole. First, its argument that it needs six months to "build a defensive case for HCC" is

4

false. HCC is Oracle's own product that it knows intimately and has ready and available access, both with respect to documents and employees who have developed, marketed and sold HCC. Oracle is not "prejudiced" with respect to discovery into its own product.

Moreover, Oracle's argument that it needs to conduct additional prior art search is also false. Realtime has not asserted patents or patent claims that were not already at issue before Realtime's supplement. *See, e.g., TiVo, Inc. v. EchoStar Comm. Corp.*, 516 F.3d 1290 (Fed. Cir. 2008) (Affirming exclusion of testimony regarding "how … infringement analysis would affect the issue of invalidity"). And Oracle acknowledges that it already took into account HCC being in this case, as it readily and knowingly produced documents regarding HCC during discovery. Realtime's supplement as to HCC is entirely consistent with Realtime's infringement contentions with respect to other accused products. Accordingly, Oracle had all of the information it needed long ago to conduct a thorough prior art search and analysis. There is no prejudice or need for additional invalidity analysis by Oracle.

### D. There Is No Need For Continuance.

As explained above, Oracle is not prejudiced, and "[t]he absence of prejudice eviscerates the need for a continuance." *MacLean-Fogg Co. v. Eaton Corp.*, 2008 WL 4601476, *2 (E.D. Tex. Oct. 6, 2008). On the other hand, Realtime will be prejudiced if this motion is denied because the supplement is important, as explained above. To the extent the Court believes a short extension of schedule for the parties to conduct additional discovery is necessary, Realtime would be amenable to such an extension with granting of Realtime's supplemental infringement contentions.

### III. CONCLUSION

For the foregoing reasons, Realtime's motion for leave to supplement infringement contentions should be granted.

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

Dated:  November 18, 2016               Respectfully submitted,

By: /s/ C. Jay Chung
Marc A. Fenster (CA SBN 181067)
Email: mfenster@raklaw.com
Brian D. Ledahl (CA SBN 186579)
Email: bledahl@raklaw.com
Reza Mirzaie (CA SBN 246953)
Email: rmirzaie@raklaw.com
C. Jay Chung (CA SBN 252794)
Email: jchung@raklaw.com
Jeffrey Z.Y. Liao (CA SBN 288994)
Email: jliao@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Telephone: 310/826-7474
Facsimile 310/826-6991

T. John Ward, Jr. (TX SBN 00794818)
E-mail: jw@wsfirm.com
Claire Abernathy Henry (TX SBN 24053063)
E-mail: claire@wsfirm.com
WARD, SMITH & HILL, PLLC
1127 Judson Road, Suite 220
Longview, Texas 75601
Tele: 903/757-6400
Facsimile 903/757-2323

**Attorneys for Plaintiff**
**REALTIME DATA LLC d/b/a IXO**

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

**CERTIFICATE OF SERVICE**

I hereby certify that this document is being served via electronic service on November 18, 2016.

/s/ C. Jay Chung

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

This is to certify that on September 4, 2015 this Court entered a Protective Order (Dkt. No. 86) in the predecessor case (*Actian* case, Case No. 15-cv-463), which authorizes filing of the attached documents under seal.

/s/ C. Jay Chung